Cheshire, }
Oct. 3, 1916. }

### Charles A. Trafton *v.* William A. Garnsey.

The payee of a promissory note who places his name on the back thereof for the maker's accommodation, who thereupon transfers the note for value, is liable as an indorser to the holder and is entitled to notice of dishonor.

Assumpsit, on a promissory note which is as follows:

"$3,000.                                        April 12, 1912.

On demand after date I promise to pay to the order of William A. Garnsey three thousand dollars at 6% payable semi-annually. Value received.

Witness:                                        Elnora Gerry
George B. Chase.                         Alberto I. Gerry."

On the back of the note is the blank indorsement of William A. Garnsey. The signature of Elnora Gerry has not been treated by the other parties as of much account. The real debtor is Alberto. Other facts are stated in the opinion. Trial by the court, and verdict for the plaintiff. The defendant, having requested the court to make findings of fact and rulings of law, excepted to the verdict, (1) because the facts found did not support it; and (2) because of erroneous findings of fact and errors of law. Transferred from the October term, 1915, of the superior court by *Chamberlin*, J.

*Orville E. Cain* (by brief and orally), for the plaintiff.

The defendant's contract was that of maker: 7 Cyc. 655; *Jennings* v. *Moore*, 189 Mass. 197, 203; *Samson* v. *Thornton*, 3 Met. 275; 2 Am. & Eng. Enc. of Law (1st ed.) pp. 319, 336, 342; *Nat. Pemberton Bank* v. *Lougee*, 108 Mass. 371; *Rodocanachi* v. *Buttrick*, 125 Mass. 134; *Badger* v. *Barnabee*, 17 N. H. 120.

*Benton & Pickard* and *Hiram Willard* of Maine (*Mr. Benton* orally), for the defendant.

The defendant was an indorser and not a maker: *Bird* v. *Kay*, 40 N. Y. App. Div. 533, 537; *Colburn* v. *Averill*, 30 Me. 310; *Bradford* v. *Prescott*, 85 Me. 482; *Merchants Trust Co.* v. *Jones*, 95 Me. 335; *Hunt* v. *Adams*, 5 Mass. 519; *Chaffee* v. *Jones*, 19 Pick. 260; *Moies* v. *Bird*, 11 Mass. 436, 439; *Lincoln* v. *Stevens*, 7 Met. 529; *Coolidge* v. *Wiggin*, 62 Me. 568; *M'Donald* v. *Magruder*, 3 Pet. 470; *Smith* v. *Morrill*, 54 Me. 48; *Hagerthy* v. *Phillips*, 83 Me. 336; Dan. Neg.

Inst. (6th ed.) s. 707a; Yates v. Goodwin, 96 Me. 90; Field v. Nickerson, 13 Mass. 130.

Under the negotiable instruments act (Laws 1909, c. 123, ss. 63, 64), the defendant is liable as indorser: Rockfield v. First Nat. Bank, 77 O. St. 311,—14 L. R. A. (N. S.) 842; First Nat. Bank v. Bickel, 143 Ky. 754; Hopkins v. Com. Bank, 64 Fla. 310; Deahy v. Choquet, 28 R. I. 338,—14 L. R. A. (N. S.) 847.

WALKER, J. It is substantially conceded that the note in suit was a Maine contract and hence that it is to be governed by the law of that state. But as no direct evidence of what that law is was presented at the trial, the court ruled that the common law of this state applied, upon the theory that the common law of both states is presumably the same. No error is perceived in thus applying the law of the forum. Ela v. Ela, 70 N. H. 163.

The fact is found that no notice was given the defendant of the non-payment of the note by the makers until long after it became due; and the question presented is whether the defendant was entitled to such notice or whether for want thereof he was discharged from all liability on the note. In other words, the question argued by counsel which is decisive in the present suit is, whether the defendant merely assumed the liability of an indorser, entitled to notice, as he claims, or whether he was a joint maker with the Gerrys, not entitled to notice, as the plaintiff claims.

It appears from the evidence and the findings of the court that previous to the making of the note which is the basis of this suit, Mr. Gerry was indebted to a certain bank and to both the plaintiff and the defendant in an amount aggregating some $3,000. The debt to the bank was secured by a real estate mortgage, while the other debts were unsecured. The plaintiff was anxious to get his pay, and Gerry agreed with him to raise the money necessary to liquidate his existing indebtedness by making a new mortgage on his real estate to secure a new note signed by himself which the defendant Garnsey was expected to sign as security. The plaintiff agreed to loan Gerry the money required for this purpose upon receiving the note and mortgage. He was unwilling to make the loan unless Gerry could get the defendant to sign the note "as security." Gerry saw the defendant in regard to the matter and the court finds that it was arranged between them that the defendant would sign the note. Subsequently, on the day of the date of the note, the plaintiff and Gerry went to a justice of the peace and had the note payable to the

defendant and the mortgage to secure it, also running to the defendant, drawn up. Gerry signed the note as maker and executed the mortgage, when the defendant was called in and signed his name on the back of the note and made an assignment of the mortgage to the plaintiff, who thereupon received the papers and paid to Gerry $3,000. There is no other evidence that the plaintiff, the defendant or Gerry understood that the defendant assumed or agreed to assume the liability of a maker of the note. The plaintiff in his testimony does not say that that was the intention of the parties or understood by them to be the effect of the indorsement, or that it was intended by any of the parties to impose upon the defendant any other obligation than that of an accommodation indorser. Nor does it appear that when the plaintiff told Gerry he would not loan him the money unless he got a signer he meant that the new party should be a maker. He desired some one to sign as security. And the defendant's indorsement was a signature which presumably made the note more secure. It is difficult to see how from these facts it could be inferred that it was the intention of the parties that the defendant should be held as a maker of the note. If such had been their intention, the note itself furnishes no evidence of it. The evidence does not support such a finding.

If the parol evidence received authorized such a finding, it would be necessary to determine, whether it was admissible for the purpose of changing a written contract, which apparently was one of a blank indorsement by the payee, so as to render him liable as a maker. Whether such evidence can be received has frequently been discussed by the court in this state (*Barry* v. *Morse*, 3 N. H. 132; *Bank* v. *Kent*, 4 N. H. 221; *Johnson* v. *Crane*, 16 N. H. 68; *Benton* v. *Willard*, 17 N. H. 593; *Piscataqua Bank* v. *Carter*, 20 N. H. 246; *Davis* v. *Barrington*, 30 N. H. 517; *Whitehouse* v. *Hanson*, 42 N. H. 9; *Paul* v. *Rider*, 58 N. H. 119; *Matthews* v. *Crosby*, 56 N. H. 21; *Weare* v. *Sawyer*, 44 N. H. 198, 204; *Derry Bank* v. *Baldwin*, 41 N. H. 434; *Hoyt* v. *French*, 24 N. H. 198, 202), but the question need not be reëxamined in this case.

It is argued however that, as a matter of law, under the circumstances attending the signing of the note explanatory of the situation of the parties, the defendant must be held to be an original promisor. In support of this contention *Martin* v. *Boyd*, 11 N. H. 385 is cited. In that case it was held that where the defendant affixed his name on the back of a promissory note, when made, which the payees had not indorsed, he became liable as an original promisor or maker.

In the opinion it is said: "In our view, no one can be properly regarded as the indorser of a note unless he stands in the relation of assignor, or so purports to stand on the face of the paper, and thus becomes technically holden as indorser, by reason of the currency given by him to paper transferred by him for a valuable consideration. . . . In this case, it is quite clear that no transfer of the note has ever been made or was designed to be made. The note has ever remained the property of the original payees, and the defendant's signature must have been affixed on the back of the note with a design to render him liable, in our view of the law, either as guarantor or as an original promisor." This decision was based upon the fact that the defendant was not a party to the note; he was not, as the defendant in this case is, the payee of the note who could transfer the title by his indorsement. To the same effect are *Benton* v. *Willard*, 17 N. H. 593; and *Insurance Co.* v. *McKellar*, 68 N. H. 326, 328.

As the payee of the note the defendant was authorized to transfer it, and as his connection with the transaction was for the accommodation of Gerry, the maker, he acted in accordance with the apparent intention of all the parties, when he indorsed it and allowed the plaintiff to have it as an indorsee, from whom Gerry received the money. The fact that he indorsed the note before it became effective does not demonstrate or make it necessary to hold that his relation to the note was not what it purported to be, but something else. He was not what is sometimes termed a stranger to the note; he was the payee with undoubted authority to indorse it for the benefit of the maker. This construction of the contract is in accordance with the decision in *Perry* v. *Armstrong*, 39 N. H. 583, where the defendant was the payee and indorser of a note for the accommodation of the maker, which the defendant indorsed and returned to the maker who subsequently negotiated it. The defendant's liability was considered to be that of an indorser; while in *Currier* v. *Fellows*, 27 N. H. 366, the defendant was held to be a promisor with the maker upon a note which he indorsed at the time it was made for the accommodation of the maker, who subsequently also indorsed the note above the defendant's name. At the time of the indorsement the defendant sustained no apparent relation to the note, and as he evidently intended to become a party to it he was held to be a promisor. After signing his name on the back of the note his liability was somewhat anomalous under the law merchant, while in *Perry* v. *Armstrong* the defendant's relation to the note as payee rendered the

effect of his indorsement perfectly plain.  Upon this ground it was held in *McFetrich* v. *Woodrow*, 67 N. H. 174, that a person not the payee of a promissory note, who writes his name on the back before it is negotiated, is liable as maker, not as an indorser, although his signature was for the accommodation of the payee, who at the time of negotiating it, indorsed it above such signature. See also *Phillips* v. *Johnson*, 64 N. H. 393, 400.

Even where the payee signed a statement on the back of the note that she was a principal maker and liable as such with one who signed the note at the bottom as a maker, it was held in *Kistner* v. *Peters*, 223 Ill. 607, that she was an indorser simply.  The court say (*pp*. 610, 611): "The contention that she became a joint maker of the note payable to herself, under the well settled rule, . . . that a note payable to the maker is without legal effect until assigned, renders the whole transaction a nullity, which we cannot presume was intended."  She could not well be the maker, payee and indorser at the same time.

Upon the authorities and in reason it must be held that the defendant was an indorser and not the maker of the note and that for want of notice to him of its dishonor, he is not liable in this action.

It may also be noted that under the negotiable instruments act (Laws 1909, *c*. 123, *ss*. 63, 64), the defendant would seem to be liable as an indorser.  *Rockfield* v. *Bank*, 77 O. St. 311.  But as it appears that that act had not been adopted in Maine when this note was made, and as the case is therefore governed by the common law, which in the absence of evidence to the contrary is presumed to be the same in Maine as in this state, no opinion is expressed upon the effect of the statute.

*Exception sustained.*

All concurred.