Gray v. St. Martins Press          CV-95-285-M    03/18/97

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Robert K. Gray,
      Plaintiff

v.                                          Civil No. 95-285-M

St. Martin's Press, Inc.
and Susan Trento,
      Defendants


### O R D E R


Plaintiff, Robert Gray, brings this action against St. Martin's Press and Susan Trento, seeking damages for allegedly defamatory statements made in The Power House, a book authored by Trento and published by St. Martin's.  The parties are embroiled in several discovery disputes.  Presently pending before the court are two motions in which Gray asks the court to reconsider certain orders, issued by the Magistrate Judge, denying Gray's motions to compel discovery.  Defendants object.  Also pending before the court are St. Martin's motions for the appointment of a commissioner to oversee discovery and for summary judgment.

For the reasons set forth below, Gray's motions for reconsideration are granted.  Having reconsidered plaintiff's motions to compel, the court grants them in part and denies them in part.  And, because Gray credibly alleges that the lack of discovery has prevented him from adequately and fully responding to St. Martin's motion for summary judgment, that motion for summary judgment is denied without prejudice.  St. Martin's and

Trento are granted leave to resubmit a motion (or motions) for summary judgment not sooner than 30 days and not later than 60 days after all discovery referenced in this order has been provided to plaintiff.  Plaintiff should then be able to fully respond to defendants' motion(s) for summary judgment.

## Background

On August 31, 1995, following a preliminary pretrial conference, the court established the following two-tiered discovery schedule:

> <u>Discovery Limitations</u>: The parties will limit discovery between now and April 1, 1996, to matters relevant to or likely to lead to evidence relevant to defendants' "opinion" and actual "malice" defenses anticipated to be the subject of their motion for summary judgment.
>
> <u>Completion of Discovery</u>: February 1, 1997.  The parties are unsure at this time whether additional extensive discovery may be needed subsequent to the court's ruling on the anticipated dispositive motions. Accordingly, at the request of either party, the court will revisit the discovery schedule following its ruling on dispositive motions to be filed on or before May 1, 1996.

Pretrial Order (August 31, 1995).  On November 7, 1995, plaintiff requested Trento to produce "copies of all draft manuscripts of the book, or any portion thereof, submitted by Ms. Trento to St. Martin's."  Plaintiff's Request for Production no. 20.  On December 6, 1995, Trento objected, claiming that the requested documents are shielded from discovery by, among other things, the First Amendment to the United States Constitution.

2

Also on November 7, 1995, plaintiff served interrogatories and requests for the production of documents upon St. Martin's. According to plaintiff, in January of 1996, St. Martin's produced some of the requested information and documents, but objected to the production of much of that material. Subsequently, on April 25, 1996, plaintiff filed motions to compel Trento and St. Martin's to produce the requested discovery materials. The matter was routinely referred to the Magistrate Judge, who ruled that plaintiff's motions to compel were untimely because they were filed after the court's April 1, 1996, preliminary discovery deadline. Plaintiff filed timely motions for the court to review and reverse the Magistrate Judge's orders, to which defendants objected. The court held a hearing on the matter at which all parties appeared and presented oral argument.

## Discussion

I. <u>Plaintiff's Motions to Reconsider</u>.

By order dated June 25, 1996, the Magistrate Judge ruled that plaintiff's motion to compel production of certain discovery from St. Martin's (document no. 20) was untimely because it was filed after the April 1, 1996, discovery deadline. And, by order dated July 3, 1996, the Magistrate Judge ruled that plaintiff's motion to compel production of certain discovery from Trento (document no. 36) was, for the same reason, untimely. The court disagrees.

3

Although plaintiff filed the motions to compel after the close of preliminary discovery, those motions were filed within a reasonable time after that date. The April 1, 1996, deadline represented the close of preliminary discovery; it did not represent the date by which the parties were required to file motions to compel compliance with otherwise timely discovery requests. So, for example, if defendants had provided plaintiff with incomplete discovery on April 1, 1996 (i.e., the close of preliminary discovery), they could not legitimately complain that plaintiff's motions to compel were "untimely" simply because they were not filed on or before that date.

This matter does not require further discussion or elaboration. Plaintiff filed his motions to compel in a timely fashion. See generally, Fed. R. Civ. P. 37; Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198, 1204-06 (1st Cir. 1994). Accordingly, the court concludes that the Magistrate Judge's ruling to the contrary was clearly erroneous. See 28 U.S.C. § 636(b)(1)(A). Having ruled that plaintiff's motions to compel were filed in a timely fashion, the court now turns to a substantive review of those motions.

A.   Plaintiff's Motion to Compel Production Directed to
     Defendant St. Martin's Press (document no. 20)

In interrogatories 4 and 5, plaintiff seeks copies of all draft manuscripts of the book. St. Martin's objects, arguing

4

that such materials are neither relevant nor reasonably likely to lead to the discovery of relevant evidence. The court disagrees.

As defendants repeatedly note, Trento's reputation for accuracy and thoroughness is relevant. In fact, defendants have interposed her reputation as a significant component of their defense. Plainly, if the draft manuscripts contain factual inaccuracies which were deleted from the final version of the book, that fact would be relevant and material to this case (e.g., it may suggest that, upon close examination, St. Martin's found Trento's work to be inaccurate, insupportable, and/or otherwise unreliable). Moreover, defendants have failed to establish that those materials are shielded from discovery by the so-called "press privilege" or the "editorial process privilege." See generally, Herbert v. Lando, 441 U.S. 153 (1979); Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583 (1st Cir. 1980); Downing v. Monitor Publishing Co., Inc., 120 N.H. 383 (1980). Accordingly, St. Martin's shall comply with plaintiff's request for production of those materials.

In interrogatories 10(b), (c), and (d), plaintiff seeks information regarding certain sources upon which Trento and/or St. Martin's relied in the preparation and verification of material contained in the book. St. Martin's objects, arguing that at least some of Trento's sources are "confidential" and, therefore, protected by a qualified news gathering privilege. It

5

also claims that plaintiff has failed to meet the preliminary showing required by Bruno & Stillman, Inc. v. Globe Newspaper Co., 633 F.2d 583, 597 (1st Cir. 1980) (requiring that a plaintiff seeking discovery of "confidential" sources demonstrate that his or her defamation claims are not frivolous, the desired information is more than remotely relevant, and there is a need for the allegedly confidential materials).

St. Martin's is directed to provide plaintiff with complete responses to interrogatories 10(b), (c), and (d) with regard to all sources that it cannot, in good faith, assert are "confidential." If plaintiff believes that St. Martin's response is inaccurate or incomplete, it may petition the court for further relief. If necessary and/or appropriate, the court will schedule a further hearing on the matter, at which defendants will be expected to provide the court with a well-supported, credible, and legally sound basis for any and all assertions of privilege, and plaintiff will be expected to provide credible legal and factual arguments in support of his claim that such materials are properly discoverable.

In interrogatories 11 through 20, 22, and 30, plaintiff seeks information relating to statements contained in the book proposal which Trento submitted to St. Martin's. St. Martin's objects, asserting that such information is not relevant to its "knowledge" and "actual malice" defenses and is, therefore,

outside of the limited scope of preliminary discovery. The court disagrees and for the reasons discussed above with regard to draft manuscripts of the book, St. Martin's shall produce the requested information.

In interrogatory no. 21, plaintiff seeks the source of a certain statement contained in the book proposal, along with certain information relating to that source. St. Martin's objects, asserting the attorney-client privilege. St. Martin's has, however, failed to demonstrate that the requested material is shielded from discovery by that privilege. Instead, it merely claims that such information was "provided to" it's attorneys and, therefore, concludes that it is not discoverable. As the party invoking the attorney-client privilege, St. Martin's bears the burden of demonstrating that the privilege applies and shields from discovery the specific material sought by plaintiff. St. Martin's has failed to carry that burden. See generally, Klonoski v. Mahlab, ____ F.Supp. ____, No. 95-153-M (D.N.H. December 12, 1996). Accordingly, St. Martin's shall produce the requested information.

The information sought in interrogatories 49, 50, 51, and 58, is not relevant to matters relating to defendant's "knowledge" and "actual malice" defenses. Instead, those interrogatories relate primarily to damages issues. At this juncture, the parties will limit discovery to matters relating to

7

defendants' defenses (the court will revise the discovery deadlines accordingly). Therefore, plaintiff's motion to compel responses to those interrogatories is denied.

Finally, in interrogatory no. 62, plaintiff seeks production of St. Martin's "entire file concerning the book." At the hearing on all outstanding discovery motions, counsel for St. Martin's represented that they would produce a privilege log, specifically itemizing all materials which would be responsive to plaintiff's discovery request, but which St. Martin's claims are privileged. See Fed. R. Civ. P. 26(b)(5). Presumably, counsel has produced the privilege log. And, because plaintiff has not renewed or otherwise supplemented his motion to compel, the court will assume that the parties have resolved this matter cooperatively and in the prevailing spirit in this district. If the parties have not settled this dispute, they should attempt, in good faith, to resolve this matter before they seek additional relief from the court.

In light of the foregoing, plaintiff's motion to compel production of materials responsive to interrogatory no. 62 is denied as moot. Otherwise, plaintiff's motion to compel is, to the extent discussed above, granted, and in all other respects it is denied.

B.    Plaintiff's Motion to Compel Production Directed to
      Defendant Trento (document no.  36)


In interrogatory number 20 directed to defendant Trento, plaintiff seeks the production of "all draft manuscripts of the book, or any portion thereof, submitted by Ms. Trento to St. Martin's."  For the reasons discussed above, the court holds that such materials are relevant (or are likely to lead to the discovery of admissible evidence) with regard to defendants' "knowledge" and "actual malice" defenses.  The court also finds that Trento has failed to demonstrate that such materials are shielded from discovery.  Accordingly, Trento shall comply with plaintiff's request for production number 20.


In all other respects, plaintiff's motion to compel is denied.


C.    Defendant St. Martin's Press's Motion for Summary Judgment
      (document no. 24)

St. Martin's moves for summary judgment, arguing that plaintiff cannot, as a matter of law, demonstrate that St. Martin's published the eight (8) allegedly defamatory statements contained in the book with actual knowledge of their falsity or serious doubts as to their truth.  Plaintiff objects, arguing among other things that because defendants have failed to provide him with necessary discovery, he cannot adequately respond to St. Martin's assertions.

9

Because the court has ordered defendants to produce a number of materials which plaintiff previously requested and which directly affect plaintiff's ability to adequately and fully respond to St. Martin's motion for summary judgment, the court will afford plaintiff additional time within which to respond to defendant's motion for summary judgment. Accordingly, St. Martin's motion for summary judgment (document no. 24) is denied without prejudice. St. Martin's may refile its motion (or an amended motion) for summary judgment not fewer than 30 and not more than 60 days after it has produced all discovery material which is the subject of this order. Then, having been provided all pertinent discovery, plaintiff shall file his objection within 30 days thereafter. If the court denies defendants' motion for summary judgment, it will afford plaintiff additional time for further discovery on the merits.

## Conclusion

Plaintiff's motion for leave to file a memorandum in support of his motions for reconsideration (document no. 47) is granted.

Plaintiff's motion for reconsideration (document no. 40) is granted. Plaintiff's motion to compel (document no. 20) is, as discussed above, granted in part and denied in part.

10

Plaintiff's motion for reconsideration (document no. 42) is granted. Plaintiff's motion to compel (document no. 36) is, as discussed above, granted in part and denied in part.

Plaintiff's motion for reconsideration of endorsed order granting plaintiff's motion to extend time (document no. 48) is, in light of the court's restructuring of discovery deadlines, denied as moot.

Defendant Trento's motion for the appointment of a commissioner to oversee discovery (document no. 53) is denied. Defendant has failed to demonstrate that the appointment of a commissioner is either necessary or warranted at this point under Fed. R. Civ. P. 53.

Plaintiff's motion to compel Ronald Goldfarb (document no. 72) is denied. See Fed. R. Civ. P. 37(a)(1).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 18, 1997

cc: James G. Walker, Esq.
    Mark D. Balzli, Esq.
    Cletus P. Lyman, Esq.
    William L. Chapman, Esq.

11