## WILLIAM S. KUSKY *v.* HARRY LADERBUSH.

*Varney, Levy & Winton,* for the plaintiff, filed no brief.

*Hughes & Burns* and *Donald R. Bryant,* for the defendant.

LAMPRON, J. The Trial Court denied the motion after consideration of the allegations therein made by the defendant. This form of proceeding was accepted by both parties without objection and it is

now too late for either of them to object to it. *Vidal* v. *Errol*, 86 N. H. 585, 586; *Morrill* v. *Bank*, 90 N. H. 358, 359.

The question before this court for decision is whether the Trial Court's finding could reasonably be made on the evidence before him. *Wisutskie* v. *Malouin*, 88 N. H. 242, 246; *Romano* v. *Company*, 95 N. H. 404, 406; *Small* v. *Company*, *ante*, 265.

If the interests of justice demanded it, the Trial Court had the authority in the exercise of a sound discretion to order an autopsy. *State* v. *Wood*, 127 Me. 197; *Ullendorff* v. *Brown*, 156 Fla. 655; *Sexson* v. *Commonwealth*, 239 Ky. 177; *Silvia* v. *Helger*, 67A. (2d) 27; 15 Am. Jur. 841; 25 C. J. S. 1019; 8 Wig., Ev. (3d *ed*) 210. See also, *Ingram* v. *Railroad*, 89 N. H. 277, 279; *Lefebvre* v. *Somersworth Co.*, 93 N. H. 354, 356; *Krook* v. *Blomberg*, 95 N. H. 170; *Staargaard* v. *Company*, 96 N. H. 17.

We agree that "the quiet of the grave, the repose of the dead, are not lightly to be disturbed. Good and substantial reasons must be shown before disinterment is to be sanctioned." *Currier* v. *Woodlawn Cemetery*, 300 N. Y. 162; *Lavigne* v. *Wilkinson*, 80 N. H. 221.

However, "the right to have a dead body remain unmolested is not an absolute one; it must yield where it conflicts with the public good or where the demands of justice require such subordination." *Silvia* v. *Helger*, *supra*, 28. The plaintiff in this case has brought an action against the defendant with an *ad damnum* of $25,000. He died about eleven months after the accident in which he was injured. His widow is claiming that his death was due to and caused by that accident, as well as his disability during the period between the accident and his decease. The defendant maintains that this autopsy is necessary to determine the nature of the deceased's injuries as well as the cause of his death, the defendant believing that plaintiff died of cancer.

It seems to us that the autopsy is very material to the defense of this action by the defendant. *Ingram* v. *Railroad*, *supra*. It may be vital. *Lefebvre* v. *Somersworth Co.*, *supra*. The fact that he might have other sources of evidence on the subject would not prevent his being granted the relief sought. *Reynolds* v. *Company*, 71 N. H. 332, 339; *Ingram* v. *Railroad*, *supra*. We see no evidence in the record of this case which could reasonably justify a denial of defendant's motion for an autopsy under proper safeguards. See *Twardosky* v. *Company*, 95 N. H. 279, 285 (dissenting opinion); *State* v. *Cote*, 95 N. H. 108, 111.

*Exception sustained.*

All concurred.