Belknap,
Jan. 2, 1951. } No. 3969.

KATHERINE S. GAGNON *v.* ARTHUR J. CARRIER *& a.*

*Morris D. Stein* (by brief and orally), for the plaintiff.

*Bernard I. Snierson* and *Thomas J. McIntyre* (*Mr. McIntyre* orally), for the defendants.

KENISON, J. It is understood from the oral arguments that the defendants do not seriously press their exception to that part of the decree which determines that the defendants have no right of way over plaintiff's land to the lake for recreational purposes. Therefore it is not necessary to detail the evidence supporting the decree and

it is sufficient to say that the decree of the Court relating to the right of way is clearly correct.

The mere non-user of an easement, however acquired, does not result in its loss or destruction even if continued for a long period of time. *New England Box Co.* v. *Wood*, 81 N. H. 124; *Howard* v. *Britton*, 67 N. H. 484. The holder of an easement does not forfeit a part of it because he has no present need for it or because he is unlikely to exercise the whole of it. *Wheeler* v. *Wilder*, 61 N. H. 2, 8. See *State* v. *4.7 Acres of Land*, 95 N. H. 291, 293, 296. Although the defendants were in error in assuming and acting as though they had a right of way to the lake for recreational purposes, this did not affect their easement to the water pipes and the pump house. One who uses an easement to which he has no right does not terminate another easement to which he has a legal right. *Les* v. *Alibozek*, 269 Mass. 153. While the defendants had no right to convert their easement of water supply into a right of way for recreational purposes (*Noyes* v. *Hemphill*, 58 N. H. 536), this did not constitute an abandonment of the water supply easement.

Rights in real estate are not presumed to be lost by abandonment by failure to use them for a period of a few years. *Great Falls Co.* v. *Worster*, 15 N. H. 412, 447, 456; *Pickard* v. *Bailey*, 26 N. H. 152, 165; *Jones* v. *Company*, 31 N. H. 381, 385. See *Coulombe* v. *Gross*, 84 N. H. 212, 215. The use of other water supplies by the defendants for a period of four years and the failure to use the water pipes and pump house for the purpose for which they were granted during that four year period, are not such clear, unequivocal and decisive acts as to constitute abandonment. 3 Tiffany, Real Property (3rd *ed.*) *s.* 825; *Albano* v. *Puopolo*, 309 Mass. 501; *Adams* v. *Hodgkins*, 109 Me. 361; *Byard* v. *Hoelscher*, 112 Conn. 5; *Nelson* v. *Bacon*, 113 Vt. 161.

The first paragraph of the decree relating to the right of way and the wharf is affirmed; the second paragraph relating to the water pipes and the pump house is set aside.

*Exceptions overruled in part and sustained in part.*

All concurred.