Strafford,
No. 4262.

RUBIN WEIN *v.* ARLEN'S, INC.

Argued January 5, 1954.

Decided March 2, 1954.

*Normandin & Normandin* (*Mr. F. A. Normandin* orally), for the plaintiff.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the defendant.

LAMPRON, J. Under the terms of the lease the landlord was given the option to repossess the premises if the lessee was declared

bankrupt or insolvent or made an assignment for the benefit of its creditors. If he exercised this option in the event of bankruptcy, there being no covenant in the lease for the recovery of damages on such exercise, his so doing would terminate all of the mutual obligations of the parties and plaintiff would lose all rights to future rent thereafter. 3 Collier, Bankruptcy (14th *ed.*) 1901; See *Oldden* v. *Tonto Realty Corporation*, 143 F. (2d) 916. A termination on account of insolvency would have the same effect. *In re McAllister-Mohler Co.*, 46 F. (2d) 91, 98; 51 C. J. S. 673; 52 C. J. S. 587; see *English* v. *Richardson*, 80 N. H. 364, 366.

The plaintiff could also lose his right to future rent by accepting a surrender of the premises made by the lessee. "Surrender" has been defined as a "yielding up of an estate for life or years to him that hath an immediate estate in reversion or remainder, wherein the estate for life or years may drown by mutual agreement between them." 4 Tiffany, Real Property (3rd *ed.*) 16; 1 American Law of Property 390. A surrender may be either express or by operation of law. There being no evidence of a writing the only surrender which could be found would be one by operation of law. R. L., c. 259, s. 15. *Elliott* v. *Aiken*, 45 N. H. 30, 36. To constitute such a surrender overt acts of both parties inconsistent with the continuance of the term are essential. *Felker* v. *Richardson*, 67 N. H. 509, 510; 2 Powell, Real Property 331.

There was no testimony offered at the hearing. Counsel made statements to the Court. This form of proceeding was accepted by the parties without objection and it is now too late for objection to it. *Kusky* v. *Laderbush*, 96 N. H. 286.

On August 15, 1952, the plaintiff filed a claim for all rent to become due under the lease until its expiration September 30, 1960. This is inconsistent with an exercise of his option to terminate or with a surrender by operation of law. At the hearing on the receiver's final report held March 30, 1953, plaintiff's counsel stated: "I further state there was no agreement as to the cancellation of the lease in any way, shape or manner." This was not denied.

The fact that the receiver exercised no control over the premises "except to close the store; to remove the merchandise after the inventory was taken; and then leave the fixtures in there until January when I found out there was no chance of Mr. Wein's disposing, or rather, renting the store" is not a basis on which to exclude liability of Arlen's Inc. for future rent under the lease. It

merely shows that the receiver did not assume the lease with the legal consequence that the relations of landlord and tenant which existed by virtue of the lease were unaffected by his conduct. *English* v. *Richardson,* 80 N. H. 364; *Cooper* v. *Trust Co.,* 134 Me. 372, 382.

An actual reletting of the premises by the landlord to a third party without notice to the tenant would not constitute in itself a surrender of the lease so as to relieve the tenant of his contractual obligations to pay the balance of the rent. *Novak* v. *Company,* 84 N. H. 93. Therefore we fail to see how an unsuccessful effort to relet would constitute a basis for a finding that the landlord thereby exercised his option to terminate the lease and its obligations.

The landlord would not permit the removal of lessee's fixtures from the premises after their sale by the receiver until his counsel and the receiver had a conference about his claim for rent. Lessee had paid the October, 1951, rent in advance of the appointment of the receiver on October 9. This action of the landlord would indicate his concern that his rent be paid instead of proving his termination of the lease on the insolvency of the lessee.

In our opinion there is no basis in the record for a finding that the landlord exercised his option to terminate the lease or that there was a surrender by operation of law or a waiver by the plaintiff of his rights against the lessee arising out of the lease. He therefore retained his right to collect future rent thereunder as and when it became due. *Oldden* v. *Tonto Realty Corporation,* 143 F. (2d) 916. 3 Collier, Bankruptcy (14th *ed.*) 1901.

In view of the above plaintiff's motion asking to have set aside that part of the Court's decree which released and discharged lessee from any further liability under the lease should have been granted.

We cannot say that it was improper for the Court to disallow plaintiff's claim for rent for the unexpired term of the lease as such claims are generally held not to be provable in such a proceeding. 75 C. J. S. 898; 45 Am. Jur. 207, 208.

*Exceptions overruled in part*
*and sustained in part.*

All concurred.