Coos,
No. 5067.

## MURIELLE THERIAULT *v.* DONALD THERIAULT.

Submitted October 3, 1962.

Decided November 30, 1962.

*Harry Weistrop* for the plaintiff, furnished no brief.

*Arnold P. Hanson* for the defendant, furnished no brief.

KENISON, C. J.   The defendant objected to the motion to reopen the divorce proceedings and the petition for rehearing on the grounds that the pleadings were not verified by affidavit as required by rule of court; the evidence sought to be introduced was not new evidence; and that the allegations in the petition for rehearing as to the paternity of the child were contrary to the plaintiff's allegations in her prior petition for legal separation.

"In this state it is provided by rule of court that no motion

grounded upon facts that do not appear in the record or papers on file in the case, or that are not agreed to in writing, will be heard by the court, either in support of or in opposition to the motion, unless the facts are verified by affidavit." *Goodwin* v. *Blanchard*, 73 N. H. 550, 551; Rule 45 of the Rules of the Superior Court, 99 N. H. Appendix, *p.* 614. While this rule is well established and of ancient lineage, it does not preclude the court from hearing a motion or petition involving an issue of fact upon oral testimony of witnesses or statement of counsel. *Goodwin* v. *Blanchard, supra; Blodgett* v. *Park*, 76 N. H. 435, 438; *Pike* v. *Scribner*, 101 N. H. 314, 316. While the plaintiff's pleadings to reopen and rehear the matter were not verified by affidavit, it does not appear that the Court's denial of the motion and petition was based on this procedural ground. *Huey* v. *Company*, 81 N. H. 103; *Morin* v. *Insurance Co.*, 85 N. H. 471; *Carpenter* v. *Carpenter*, 78 N. H. 440.

The plaintiff's motion and petition to reopen and rehear the divorce proceedings did not allege new evidence which was not available to the plaintiff at the time of the original hearing. Insofar as the motion and petition cast doubt on the paternity of the child, it is clear that this was certainly evidence within the knowledge of the plaintiff which if true could have been alleged in the previous petition. The Court stated that custody of the child would not be awarded to the mother in any event even if a rehearing were to be granted. In this situation we can find no error in the Court's ruling. *Pollini* v. *Pollini*, 103 N. H. 183; *Fortuna* v. *Fortuna*, 103 N. H. 547. *Cf. Kennard* v. *Kennard*, 87 N. H. 320.

The absence of a brief from the appealing party makes it difficult to ascertain the specific basis upon which the plaintiff claims that the Court committed error (*Kibbee* v. *Kibbee*, 99 N. H. 215-216) but we have considered the whole case in the light of the record and exhibits before us and find no error or abuse of discretion in the Court's denial of the motion to reopen and the petition to rehear these divorce proceedings. *Powell* v. *Powell*, 97 N. H. 301, 303; *Pollini* v. *Pollini, supra;* Grimes, Pitfalls in Domestic Relations Proceedings, 1 N. H. Bar J. (No. 4) 15 (1959).

*Exceptions overruled.*

All concurred.