Cheshire
No. 6488

ROBERT SALMONSEN & a.

v.

TOWN OF RINDGE & a.

January 31, 1973

*William D. Tribble* and *Aaron A. Lipsky* (*Mr. Tribble* orally) for the plaintiffs.

*Peter S. Espiefs,* by brief and orally, for Daniel R. Kilty, intervenor.

KENISON, C.J. The issue in this case is whether the plaintiffs' appeal from an order of the Board of Adjustment of the Town of Rindge after rehearing, granting a variance to the intervenor, Daniel R. Kilty, was a timely one. The problem is one of statutory construction and the governing statute provides in pertinent part that the appeal to the superior court is to be taken "within thirty days after the action complained of, has been recorded". RSA 31:77. Also pertinent is RSA 31:68 which provides in part that the official actions of the board "shall be immediately filed in the office of the board and shall be a public record."

The reserved case reads in part as follows: "Hearing on said motion was had before the Court; no witnesses testified; but the order of the Board of Adjustment dated September 28, 1971, was admitted into evidence; the intervenor Daniel R. Kilty offered over the objection of the appellant, what purported to be the unverified transcript of the hearing before the Board of Adjustment on the appellant's petition for re-hearing; and said purported transcript although not marked as an exhibit, was considered by the Court, to which the appellant duly excepted; all questions of law raised by the foregoing exceptions appearing in the transcript or appendix are reserved and transferred" by *Grant* J.

The plaintiffs' appeal was filed with the superior court on October 27, 1971, which was forty-three days after the decision was announced and recorded by the board of adjustment at its September 13, 1971 rehearing. At that time the

board voted "in open executive session" to adhere to its original decision granting the variance stating that no new factual evidence had been presented to the board. Counsel for the parties were present at this time and the decision recorded in the minutes of the board.

Plaintiffs maintain that since they did not receive official written notice of the denial of the rehearing until September 30, 1971, their appeal was timely and should be determined from the date that written notice was actually received. This is an arguable point but we believe that it is not a valid one. The statutes do not require official written notice. Counsel were promptly and adequately informed of the board's action and did not have to wait for written notice. While no case exactly in point has decided this question in this State—the tenor of the zoning decisions on procedural limits is generally strict and frequently mandatory. *DiPietro v. Nashua,* 109 N.H. 174, 246 A.2d 695 (1968); *Kelley v. Hopkinton Village Precinct,* 108 N.H. 206, 231 A.2d 269 (1967); *Bourassa v. Keene,* 108 N.H. 261, 234 A.2d 112 (1967). Additionally it may be noted that the New Hampshire cases represent the general rule on these procedural requirements. 3 Anderson, American Law of Zoning § 21.15, at 578-80 (1968); 2 Rathkopf, Law of Zoning and Planning 63-13 (3d ed. 1972).

It is true the hearing before the superior court was informal and the court considered evidence not strictly admitted as an exhibit. However this procedure is not unusual where there are no witnesses and the court relies on the statements of counsel. *Kusky v. Laderbush,* 96 N.H. 286, 74 A.2d 546 (1950); *Wein v. Arlen's, Inc.,* 98 N.H. 487, 103 A.2d 86, 88 (1954) *Theriault v. Theriault,* 104 N.H. 326, 327, 184 A.2d 459, 460 (1962). We find no error and conclude that the plaintiffs' appeal is untimely because not filed within thirty days after the action of the board of adjustment had been recorded in its records.

*Plaintiffs' exceptions overruled; appeal dismissed.*

All concurred.