Belknap
No. 7322

TOWN OF GILMANTON v. NORMAN CHAMPAGNE

August 31, 1976

*Richard P. Brouillard* and *Charles H. Bradley III (Mr. Brouillard* orally) for the plaintiff.

*New Hampshire Legal Assistance, George C. Bruno* and *Robert D. Gross (Mr. Bruno* orally) for the defendant.

PER CURIAM. The Superior Court *(Loughlin,* J.) denied the defendant's motion to strike off his default to a petition by the town of Gilmanton for an injunction to compel the defendant to

comply with the Gilmanton zoning ordinance. This dispute began five years ago.

In 1970, Gilmanton adopted an ordinance which permitted persons then owning land in the town to live in trailer coaches or mobile homes on their property provided "that the date of manufacture of subject trailer coach or mobile home shall not be more than two years prior to the application for permit . . . ." On June 16, 1971, the defendant moved a house trailer, manufactured in 1963, onto his property. The following day the town served the defendant in hand with a letter notifying him of the ordinance.

In July 1971, the town filed a criminal complaint charging the defendant with a continuing violation of the ordinance. The defendant was found guilty after a hearing at which he represented himself. In the interval between trial and sentencing the defendant contacted New Hampshire Legal Assistance which referred him to an attorney who agreed to represent the defendant without fee. This attorney filed a motion to dismiss the complaint and challenged the validity of the ordinance. In August 1971, the District Court (*Bernard I. Snierson,* J.) denied the motion and fined the defendant $1 for each day of violation, $70 in all. A proposed transfer to this court was not made because of a disagreement between the defendant and his counsel. The defendant failed to pay the fine until he was arrested for nonpayment in February 1972.

In May 1972, the town filed its petition for an injunction pursuant to the zoning ordinance to prohibit the defendant from living in the house trailer and to require him to remove the trailer from his premises. The defendant failed to appear, and, in October 1972, the Superior Court (*Keller,* C.J.) issued the injunction as requested. The town served the defendant with a copy of the decree. In January 1973 the town filed a petition for a writ of capias to enforce the injunction. The defendant did not appear in answer to the petition, so the writ issued and he was arrested. The defendant then went to New Hampshire Legal Assistance. A Legal Assistance attorney filed the present motion to strike the defendant's default to the petition for the injunction. The motion was denied in March 1973. The reserved case was approved in July 1975, and the case was argued in this court in 1976.

The trial court heard the defendant's motion in chambers; no testimony was offered. After the court denied the motion the defendant sought a rehearing and an opportunity to present evidence. The defendant's first exception is to the denial of his mo-

tion for rehearing. The practice of submitting motions on the statements of counsel is well established in this State. *Wein v. Arlen's,* 98 N.H. 487, 103 A.2d 86 (1954); *Theriault v. Theriault,* 104 N.H. 326, 184 A.2d 459 (1962); *Salmonsen v. Rindge,* 113 N.H. 46, 299 A.2d 926 (1973). The defendant filed a sworn affidavit with his motion to strike the default judgment. No attempt was made to introduce testimony at the hearing on his motion to strike. No claim is made that the trial court was not fully informed of the circumstances of the case. No material facts are disputed. In summary no reason has been offered showing the necessity for a further evidentiary hearing. The trial court did not err in denying the motion for rehearing. *Lehigh Navigation Coal Co. v. Keene Coal Co.,* 89 N.H. 274, 197 A. 410 (1938).

"The defendant may be permitted to enter an appearance after a default, at the discretion of the court or justice . . . ." RSA 514:2. *See also* Superior Court Rule 12, RSA 491:App. R 12 (Supp. 1975). As in other instances where discretion is exercised, the action of the trial court will not be set aside upon review except for abuse thereof. *Lavoie v. Bourque,* 103 N.H. 372, 374, 172 A.2d 565, 567 (1961). The defendant's challenge to the validity of the ordinance was rejected in 1971. Since then the defendant has been arrested for nonpayment of the fine and has twice failed to appear in response to summons. We cannot say that the trial court abused its discretion. *Massachusetts Bonding Co. v. Nudd,* 103 N.H. 1, 164 A.2d 242 (1960); *Lewellyn v. Follansbee,* 94 N.H. 111, 47 A.2d 572 (1946).

*Defendant's exceptions overruled.*