Cheshire
No. 7534

EDWARD FABIANSKI

v.

MAURICE G. BOUTIN & a.

March 31, 1977

*Smith & Angelo,* of Jaffrey (*Mr. Richard G. Smith* orally) for the plaintiff.

*Howard B. Lane* and *Kendall W. Lane,* of Keene (*Mr. Kendall W. Lane* orally) for the defendants.

GRIMES, J.   The issue in this case is whether the trial court erred in not finding that the owner of a life estate had surrendered it to the remaindermen. We hold that the court did not err.

Plaintiff, a life tenant, filed a petition for ejectment against the remaindermen who were in possession. The petition was granted after a hearing and defendants' exceptions were transferred by *Loughlin,* J.

Plaintiff purchased a farm consisting of 75 acres in Troy, New Hampshire, in September of 1967. In an attempt to avoid attachment of this property by plaintiff's ex-wife, he conveyed the farm to his present wife, Marie, in July of 1968. Due to further pressure concerning support arrearage from plaintiff's ex-wife, Marie conveyed the property to herself and to her daughter and son-in-law, defendants, on August 20, 1970. In this same deed, Marie reserved a life estate to plaintiff. Although defendants paid nothing at the time of the transfer, they agreed to assume the monthly payments on an outstanding mortgage of about $12,000. In addition defendants agreed to pay plaintiff $5,000 at some unspecified future date. Defendants moved into the house on the farm shortly after the conveyance but have as yet made no payments towards the $5,000.

Plaintiff and Marie left shortly after the conveyance. From time to time they returned to the farm and lived with the defendants in the farmhouse for periods of months. During the late fall of 1972, plaintiff and Marie moved back to the farm and lived there for several months. Things went well for a time, but then disagreements arose as a result of which plaintiff and his wife moved from the farmhouse into their trailer across the street from the house but still on the property. In 1974 relations between the two couples so deteriorated that plaintiff served defendants with a notice to quit the premises and instructed the mortgagee to accept no future

payments from anyone but himself. Up to this point defendants had paid the mortgage payments of about $175 per month and had paid the taxes on the property. Defendants still reside in the house on the farm.

Defendants contend that plaintiff has surrendered his life estate to them and therefore cannot eject them from the property. RSA 477:15 mandates that the surrender of any interest in land must either be in writing or by operation of law. As there is no written instrument granting a present estate to defendants, a surrender of plaintiff's life estate can only have occurred by operation of law.

There is little authority to be found on the surrender of a life estate. There are cases relating to the surrender of leaseholds by operation of law, but they are of marginal assistance in dealing with life estates which are freeholds. *See* Thompson, Real Property § 1850 (1961).

An estate is surrendered by operation of law when the parties do something which is inconsistent with the continuance of the estate. *Wein v. Arlen's*, 98 N.H. 487, 102 A.2d 86 (1954). It is the acts of the parties and not their intention which results in surrender. *Woodward v. Lindley*, 43 Ind. 333, 342 (1873). However, mere nonuser of the premises has generally been found insufficient to cause a surrender of a life estate. *Doherty v. Russell*, 116 Me. 269, 101 A. 305 (1917); *Spencer v. Smith*, 74 Kan. 679, 85 P. 573 (1906); *Kimberlin v. Hicks*, 150 Kan. 449, 94 P.2d 335 (1939); *see Gagnon v. Carrier*, 96 N.H. 409, 77 A.2d 868 (1951); Restatement of Property § 152(c), comment at 502.

The acts of the parties in this case were not so inconsistent with the continued existence of a life estate in plaintiff as to bring about a surrender by operation of law.

*Exceptions overruled.*

All concurred.