Hillsborough
No. 80-266

THE TOWN OF BEDFORD

v.

ROBERT H. BROOKS *& a.*

April 3, 1981

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*James E. Higgins* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Linda Connell & a.* on the brief and *Ms. Connell* orally), for the defendant.

KING, J. The plaintiff appeals from an order of the superior court modifying a consent decree entered into by the parties. The plaintiff asserts that it was error for the court to grant a modification of the decree without holding an evidentiary hearing as requested. The plaintiff also asserts that it was error for the trial court to grant a modification of the decree on the basis of changed circumstances. For proceedings consistent with this opinion, we remand this case to the superior court.

The defendant Robert Brooks is a former selectman of the Town of Bedford and is the sole stockholder of HABS, Inc., a New Hampshire corporation engaged in the real estate brokerage business. In 1978, he constructed a building on a tract of land within the residential and agricultural district of the town. According to the zoning ordinance, businesses may be conducted from a building in this area only if the owner remains in continuous residence in the building. The defendant notified the town of his intention to reside in the new building and obtained the necessary approval to build.

Despite such stated intention, the defendant failed to establish residence in this building, however, and on March 9, 1979, the town instituted a bill in equity in the superior court for declaratory and injunctive relief. Thereafter, counsel for the parties stipulated to a permanent order that required the defendant to reside continuously in the building as long as he operated the business therefrom—and to stay overnight each day "except for travel, vacations and entertainment activities of a business or personal nature." The Court (*Randall*, J.) approved the order on May 10, 1979.

On December 18, 1979, the town filed a contempt motion for violation of the order, alleging that the defendant had failed to establish residence in the building, and sought to enjoin the defendant from conducting his real estate business from the building. Again the parties consented to an order, which the Court (*Goode*, J.)

approved on February 26, 1980. The new consent decree provided that:

"1. The Defendant Robert H. Brooks is found to be in contempt of this Court's Order of May 10, 1979.

2. The Defendants Robert H. Brooks and HABS, Inc., may not operate a real estate business at the location of HABS' offices on Route 101 in Bedford, New Hampshire unless the said Robert H. Brooks is in continuous residence at said location.

3. The Defendant Robert H. Brooks shall immediately take up continuous residence in said real estate offices; residence being defined in this Court's Order of May 10, 1979. For every day that said Robert H. Brooks shall fail to reside at said real estate offices, he shall pay the sum of Five Hundred Dollars ($500.00) a day to the Town of Bedford.

4. Defendant Robert H. Brooks shall obtain all necessary approvals and build a residential addition to said office on or before May 31, 1980. Application for a building permit for said addition shall be made on or before February 22, 1980. The failure to apply for a building permit shall not be an act of contempt provided however that in the event that said Robert H. Brooks fails to so apply for a permit, the real estate business at this location must cease on May 1, 1980. Should said addition not be completed and should said Robert H. Brooks and his wife not be moved in to occupy said addition as their sole residence in Bedford, New Hampshire, on a continuing basis on or before May 31, 1980 (residence being defined in this Court's Order of May 10, 1979), the real estate business at this location must cease on May 31, 1980 and no other sanctions shall be imposed on the Defendants, it being understood that the sanctions contained in Paragraph 3 hereof shall be applicable. The design and construction of said addition shall be solely at the discretion of Robert H. Brooks subject to the applicable ordinances and regulations of the Town of Bedford, including but not limited to Historic District Commission approval.

5. Robert H. Brooks shall pay to the Town of Bedford the sum of Fifteen Hundred Dollars ($1,500.00) forthwith."

Before February 27, 1980, the defendant obtained the necessary approvals and permits for construction of a residential addition.

Actual construction, however, was never begun. Neither did the defendant and his wife ever move their residence to the building. The defendant, however, did pay $1,500 to the town as required by the order.

On May 15, 1980, the defendant filed a motion to amend the order alleging that he had been refused mortgage financing for a "commercial" addition, that his wife was not a party to the litigation and had filed a petition for separate maintenance, and that she would not reside in the building. The plaintiff objected to this motion to amend on the grounds that the order was not conditioned upon the defendant's ability to obtain mortgage financing and that the defendant's wife had not filed a petition for separate maintenance even as of the date of the filing of the objection.

The Court (*Pappagianis*, J.) held informal conferences on May 29, 1980, and June 2, 1980. The plaintiff specifically requested an evidentiary hearing at that time. However, the court found that the defendant's wife was not bound by the consent order, granted the motion to amend, denied the plaintiff's request for an evidentiary hearing, and noted the plaintiff's exceptions to each ruling.

■ Superior Court Rule 57 states that "[t]he [c]ourt will not hear any motion grounded upon facts, unless they are verified by affidavit, or are apparent from the record or from the papers on file in the case, or are agreed to and stated in writing signed by the parties or their attorneys. . . ." The defendant does not allege that any of the exceptions contained in Rule 57 apply to this case and we, therefore, do not address this question. The defendant argues, however, that because the practice of submitting motions on statements of counsel is well established, the plaintiff is not entitled to anything more. We disagree.

It is true, of course, that the practice of submitting motions on statements of counsel is well established in this State. *Town of Gilmanton v. Champagne*, 116 N.H. 507, 509, 363 A.2d 411, 412 (1976). Previously, we have upheld a trial court's disposition of a motion based upon fact even in the absence of affidavits where neither party objects to the procedure, *see Wein v. Arlen's*, 98 N.H. 487, 489, 103 A.2d 86, 88 (1954), or when there is no attempt to offer evidence, no claim that the court was not fully informed of the facts, or no claim that material facts are in dispute, *Town of Gilmanton v. Champagne, supra* at 509, 363 A.2d at 412–13. We have never held, however, that Rule 57 is a nullity.

■ In this case, the plaintiff questioned certain allegations contained in the defendant's motion and specifically requested an evidentiary hearing to resolve these issues of material fact. Under the

provisions of Rule 57, the town was entitled to an order of the court requiring the defendant to file affidavits and allowing it to respond with counter-affidavits. Of course, whether to hold a full evidentiary hearing or to allow cross-examination of the defendant's affiants is within the discretion of the trial court. *See Goodwin v. Blanchard*, 73 N.H. 550, 551, 64 A. 22, 23 (1906). Accordingly, the case must be remanded to the superior court either for the submission of affidavits or for the taking of evidence concerning the defendant's claims.

■■ The decree of February 6, 1980, is a consent decree which was entered into by competent counsel for both sides and is, therefore, binding on the parties. *Eida v. Stoddard*, 111 N.H. 123, 125, 276 A.2d 12, 13 (1971). A consent decree is essentially contractual in nature, and consequently, may be modified only by agreement of the parties in the absence of accident, fraud or mistake. *Univ. Bldrs. Sup., Inc. v. Shaler High. Corp.*, 405 Pa. 259, 265, 175 A.2d 58, 61 (1961); 30A C.J.S. *Equity* § 682, at 859 (1965); *cf. Grabowski v. Grabowski*, 120 N.H. 745, 747, 422 A.2d 1040, 1042 (1980). Changed circumstances alone are generally insufficient to support modification of the decree. *Clinchfield Stone Co. v. Stone*, 36 Tenn. App. 252, 265, 254 S.W.2d 8, 13 (1952); 30A C.J.S. *Equity* § 682, at 860 (1965). One who by contract or agreement binds himself to an obligation possible to perform must perform it, and he will not be excused from performance because of unforeseen difficulties. *Clinchfield Stone Co. v. Stone, supra* at 266, 254 S.W.2d at 14.

The defendant based his motion to amend on his inability to obtain financing for the addition to his building and on his wife's refusal to make that building her home. These reasons appear to us to raise changed circumstances rather than accident, mistake or fraud. Nevertheless, in order that the defendant may have an opportunity to prove accident, mistake, or fraud, we remand this case to the superior court for proceedings consistent with this opinion.

*Remanded.*

All concurred.