Cheshire
No. 81-271

FRANK RUSSELL AND LORESE RUSSELL

v.

PHILIP D. MORAN, INC.

PHILIP D. MORAN, INC.

v.

A. C. LAWRENCE LEATHER CO., INC.

August 6, 1982

*Faulkner, Plaut, Hanna, Zimmerman & Freund*, of Keene (*George R. Freund, Jr.*, and *Thomas R. Hanna* on the brief, and *Mr. Freund* orally), for Philip D. Moran, Inc.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Robert L. Chiesa* on the brief and orally), for A. C. Lawrence Leather Co., Inc.

KING, C.J. The third-party plaintiff, Philip D. Moran, Inc. (Moran) appeals the Trial Court's (*Bean*, J.) decision to grant the motion to dismiss of the third-party defendant A. C. Lawrence Leather Co., Inc. (Lawrence). We reverse and remand.

In 1979, the plaintiff Frank Russell was injured when he came in contact with an electrical line while working for Lawrence. Russell brought an action against Moran, an electrical contractor, alleging that Moran had negligently installed the electrical lines in 1975. Russell's wife, Lorese Russell, also sought damages from Moran in a loss of consortium action. Thereafter, Moran brought a third-party action against Lawrence seeking indemnification. Because Lawrence purchased the business after the installation of the electrical lines, and claims to have made no agreement to assume any pre-existing tort liability, Lawrence moved to dismiss the third-party action instituted against it. After a hearing, the trial court granted the motion, and Moran appealed.

This court must reverse the trial court's decision if, when viewing Moran's writ in the light most favorable to Moran and construing all inferences therefrom in Moran's favor, the writ states any cause of action upon which relief may be granted. *See Jarvis v. Prudential Ins. Co.*, 122 N.H. 648, 651, 448 A.2d 407, 409 (1982). We shall therefore examine Moran's writ to determine whether the trial court properly concluded that the writ did not state any cause of action.

The writ in this case seeks indemnification on five alternate grounds. The first count alleges that Lawrence negligently designed

and/or installed the electrical lines. Count two alleges a contractual agreement between Moran and Lawrence in which Lawrence agreed to indemnify Moran. The third count alleges that Lawrence expressly warranted the design of the lines Moran installed, and count four claims an implied warranty of the design. *See Wentworth Hotel v. Gray, Inc.*, 110 N.H. 458, 459, 272 A.2d 583, 584 (1970); *see generally* 1 J. DOOLEY, MODERN TORT LAW §§ 26.05–.07, at 542–53 (1977). Finally, in count five Moran claims that Lawrence altered Moran's work on the lines thereby causing the dangerous situation.

In order to recover under counts one through four, Moran must prove that it and Lawrence had some relationship during the installation of the electrical lines or that Lawrence agreed to assume any liability incurred by the previous owner of the business. In support of its motion to dismiss, Lawrence produced a purchase-and-sale agreement and its attorney's statement that the business had been purchased in 1976, after the installation of the electrical lines. Additionally, Lawrence produced an agreement between the previous owner and Lawrence stating that Lawrence would not assume any tort liability incurred by the previous owner. Moran argues that the evidence produced was incompetent to prove these assertions. We agree. Rule 57 of the Superior Court Rules states that the trial court "will not hear any motion grounded upon facts, unless they are verified by affidavit, or are apparent from the record or from the papers on file in the case. . . ."

■■ The attorney's statement concerning the date when Lawrence purchased the business is insufficient to prove that date. *Cf. Town of Bedford v. Brooks*, 121 N.H. 262, 265, 428 A.2d 897, 899–900 (1981). Because the date on which Lawrence purchased the business is material to counts one through four of Moran's writ, without competent proof of the date, Lawrence's motion to dismiss should have been denied. Additionally, even if the purchase did take place after Moran installed the electrical lines, Lawrence might be liable under some theory of successor liability. *See generally Cyr v. B. Offen & Co., Inc.*, 501 F.2d 1145, 1152 (1st Cir. 1974); 15 W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS §§ 7327–36, at 539–550 (Rev. ed. 1973) (successor liability after reorganization); *cf. Altman v. Central of Georgia Ry. Co.*, 580 F.2d 659, 662 (D.C. Cir. 1978). Because Lawrence did not prove through his pleadings or affidavits that successor liability was not applicable, the trial court should have denied the motion to dismiss.

■ Count five of the writ alleges that Lawrence altered the electrical lines after Moran had installed them. To prove this count, Moran need not prove a relationship between it and Lawrence at

the time of installation. Moran need only prove that Lawrence altered the electrical lines prior to Russell's injury. Therefore, the purchase-and-sale agreement and the agreement stating that Lawrence would not assume the previous owner's liability were irrelevant to this count because these agreements do not prove that Lawrence did not alter Moran's work during the period after its acquisition of the business and prior to Mr. Russell's injury. For that reason, the trial court should not have dismissed count five.

For the reasons stated, we reverse the trial court's grant of Lawrence's motion to dismiss and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

All concurred.