Hillsborough
No. 84-562

LIBERTY MUTUAL INSURANCE COMPANY

v.

CUSTOMBILT, INC.

June 5, 1986

*Gray, Wendell & Clark*, of Manchester (*Grenville Clark, III*, on the brief and orally), and *Gray & Wendell*, of Boston, Massachusetts (Brona Pinnolis on the brief), for the defendant.

JOHNSON, J. The defendant, Custombilt, Inc., appeals from a verdict granting the plaintiff, Liberty Mutual Insurance Company, the right to recover premiums for workers' compensation insurance purchased by the defendant company. We affirm the decision of the trial court in finding for the plaintiff, but reverse the court's determination of the amount of premiums to be paid, and remand.

The defendant, Custombilt, sells and installs aluminum and vinyl siding for residential and commercial properties. Once Custombilt has made successful telephone solicitations for business, it employs others to install the siding. According to our workers' compensation statute, the defendant is considered a "contractor," and those installing siding for Custombilt, or any similar business, are considered "subcontractors." RSA 281:4-a.

The plaintiff, Liberty Mutual, filed suit against the defendant on March 29, 1982, asserting that it was owed premium payments for workers' compensation coverage for periods ending on the following dates: October 14, 1978, October 14, 1979, and June 30, 1980.

In a ruling issued July 31, 1984, the Trial Court (*Pappagianis*, J.) found for the plaintiff, although it did not specify the amount of damages. The defendant then moved to hold the appeal deadline in abeyance or to hold a rehearing on damages, since no specific amount had been awarded to the plaintiff.

In response to Custombilt's motion, the trial court issued an "order on costs" on September 11, 1984, declaring that the finding for the plaintiff was for the amount of $21,323 plus interest, the same amount stated in the declaration of the writ. The defendant appealed.

The defendant contends that the trial court erred in awarding premiums to the plaintiff and, alternatively, that the trail court

erred in its method of computing the amount of the premiums the plaintiff should be allowed to recover. We affirm in part, reverse in part, and remand.

 First, we hold that the trial court was correct in awarding the plaintiff a verdict and requiring that the defendant pay premiums for workers' compensation insurance. We have stated that the "findings and rulings of the trial court must be sustained unless they are lacking in evidential support or tainted by error of law." *Burnham v. Downing*, 125 N.H. 293, 296, 400 A.2d 128, 130 (1984) (citations omitted). We, therefore, review the rulings of the trial court in light of the evidence presented.

This case required the trial court to apply RSA 281:4-a. That statute provides that a business such as Custombilt must provide workers' compensation coverage for its own employees and employees of any subcontractor engaged in work on its behalf. The contractor need not provide coverage for the subcontractors themselves, nor for the subcontractors' employees if the subcontractors have already provided their workers with such coverage.

The lower court found, based on factual evidence, that the siding installers who worked for Custombilt were "independent contractors." In the language of RSA 281:4-a, these installers are termed "subcontractors." The defendant was not responsible for providing workers' compensation coverage for these subcontractors. The statute allows them an election to provide or not to provide coverage for themselves or their partners.

The remaining question, however, and the major issue in the court below, is whether these subcontractors had employees for whom Custombilt was obligated to provide workers' compensation coverage. According to RSA 281:4-a, Custombilt was liable for providing workers' compensation for such employees unless adequate coverage was provided elsewhere.

Custombilt's president, Rodney Shehyn, testified that he had provided letters to Liberty Mutual which had been supplied by the subcontractors. He asserted that these letters were proof that Custombilt was not liable to pay for additional coverage for any of the subcontractors because the letters stated that the subcontractors had no employees. It was then for the trial court to determine the credibility of the testimony and other evidence presented.

 The court found that Shehyn's testimony regarding Custombilt's reliance on information provided by the subcontractors was not credible. Shehyn testified that the subcontractors informed him that they had no employees, but the court found that the

defendant knew that some "if not all" of these subcontractors had employees. The credibility and weight to be given to a witness' testimony is a question of fact for the trial court. If the findings can reasonably be made on all the evidence, they must stand. *See Colby v. Granite State Realty, Inc.*, 116 N.H. 690, 691, 366 A.2d 482, 483 (1976). "Our function in reviewing the trial court's findings is not to decide whether we would have found differently but to determine whether a reasonable person could find as did the trial judge." *U.S. Fidelity & Guaranty Co., Inc. v. Johnson Shoes, Inc.*, 123 N.H. 148, 153, 461 A.2d 85, 88 (1983). After reviewing the record, we find that a reasonable person could have found as did the trial court in this case. We affirm the awarding of a verdict to the plaintiff.

Next, we address the method of measuring the premiums to be paid by the defendant. A condition of its policy was that the defendant provide information to the insurance company that employees of subcontractors were adequately covered by other policies or that such subcontractors had no employees. If such information was not provided, the premiums were to be computed on the basis of "remuneration." "[R]emuneration means the entire remuneration, . . . earned during the policy period by . . . any person performing work which may render the company liable . . . in accordance with the work[er]'s compensation law." Simply stated, this means that Liberty Mutual can collect premiums based only on the wages of the subcontractors' employees. The trial court found, and we uphold the finding, that the defendant's subcontractors had employees for whom the defendant was responsible under the statute for providing workers' compensation coverage, and Liberty Mutual was owed premiums to the extent that such employees existed.

The plaintiff, however, did not calculate the premiums according to the policy condition. That condition stated that premiums were to be charged for work rendered by those persons for whom the company was potentially liable, the subcontractors' employees. Instead, the company charged premiums based on the entire remuneration each subcontractor received. Accordingly, we reverse and remand for a specific determination of the proper premiums to be charged to the defendant.

*Affirmed in part; reversed in part; remanded.*

All concurred.