Coos
No. 88-195

PETER A. JOHNSON AND JAMES G. PRATT

v.

FRANK NASH, EDWARD NASH, AND EDDIE NASH & SON, INC.

June 28, 1989

732

*Bergeron, Hanson & Bornstein P.A.,* of Berlin (*Wayne T. Moynihan* on the brief and orally), for the plaintiffs.

*Hinkley, Donovan, Russell & Desjardins P.C.,* of Lancaster (*Paul F. Donovan* on the brief and orally), for the defendants.

BATCHELDER, J.   The defendants in this case appeal an order of the Superior Court (*Smith,* J.) ordering specific performance of a contract for the sale of their land located in Dixville and Colebrook. The defendants contend that the trial court erred in finding that the parties had executed a valid purchase and sale agreement. Alternatively, the defendants argue that if a valid purchase and sale contract existed, the trial court improperly failed to grant a rehearing on the issues of the time for performance of the contract and of compensation for certain bridge repair work performed by one of the defendants. We reject the defendants' contentions and therefore affirm the superior court's order.

The plaintiffs, Peter A. Johnson and James G. Pratt, agreed to purchase real estate owned by the defendants, Frank Nash and his son, Edward. The plaintiffs signed a purchase and sale agreement with Edward on April 5, 1985, for approximately one hundred twenty acres of land. No dispute exists concerning this agreement. That same day, the plaintiffs also signed a purchase and sale agreement for roughly forty acres owned by Frank. The sale of each parcel of land was contingent upon the contemporaneous convey-ance of each of them to the plaintiffs. The closing twice failed to materialize, principally because of the disagreement described below.

The dispute between the parties, which arose prior to the first closing date and was before the court below, centers around the purchase and sale agreement between Frank Nash and the plaintiffs. Specifically, the parties disagree about the area of land that was intended to be excepted from the conveyance. The purchase and sale agreement signed by the plaintiffs described, in typewritten letters, the parcel to be conveyed as the "Nash Farm with all buildings except for Farm house presently lived in by Frank Nash. Also excepts 2.5 Acre (M/L) bounded Northerly by Nash Road, ROW from Nash Road on East, Southerly by so called McLean property and westerly by ROW to said McLean property." Before signing the document, Frank Nash had his broker, Raymond E. Davis of John Forbes Realty, cross out the "2.5" in ink and replace it with a "5," also in ink. Frank Nash initialed this change, as did Davis, and then signed the agreement.

The meaning of the change from 2.5 to 5 acres is at the heart of this case. At trial, the plaintiffs argued that the change was without significance because the boundaries described in the agreement determined the acreage to be excepted, rather than the number stated in the exception. The defendants, in contrast, claimed that the change meant to include the approximately two and one-half acres surrounding the house, and a 2.6-acre parcel across Nash Road which had not been included within the boundary description. According to the defendants, the dispute about the amount of land to be reserved prevented the formation of a valid contract.

During a two-day, jury-waived trial, the judge heard conflicting testimony about whether the exception in the purchase and sale agreement was understood to include the 2.6-acre parcel across Nash Road. The judge found that the parties "contemplated the specific parcel of land listed in the agreement as well as the 2.6 acres located on the opposite side of Nash Road when they altered, initialed, and signed the document." The court then ordered the property described in both Frank and Edward Nash's purchase and sale agreements to be conveyed to the plaintiffs at the prices stated in the agreements.

On appeal, the defendants challenge the conclusion that a valid contract was formed by disputing the trial court's finding that both parties had intended to except the 2.6-acre parcel across Nash Road from the sale when they signed the purchase and sale agreement. They note that the plaintiffs maintained throughout the trial that the only land to be excepted was the property surrounding the house as described by the boundaries in the agreement. They argue

that given the plaintiffs' position, the court could not have determined that a meeting of the minds occurred and that a contract was formed. Alternatively, the defendants contend that the plaintiffs failed to establish with reasonable certainty the boundaries of the property to be conveyed.

We reject the defendants' arguments. A trial court's decision will not be disturbed unless it is erroneous as a matter of law or unsupported by the evidence. *Liberty Mut. Ins. Co. v. Custombilt*, 128 N.H. 167, 169, 512 A.2d 1098, 1099 (1986). The trial court's decision here was neither erroneous nor unsupported. The trial court in this case heard the plaintiffs' witnesses testify that the 2.6 acres were not understood to be included in the exception from the conveyance of the land, and heard the defendants' witnesses testify that the acreage was understood to be included in the area excepted. As the finder of fact, the trial judge has the discretion to credit or not credit the testimony of witnesses before him. *See Rancourt v. Town of Barnstead*, 129 N.H. 45, 50, 523 A.2d 55, 59 (1986). Based on the testimony presented, the trial judge properly could have found that the parties entered into a contract which was intended to include the 2.6-acre property across Nash Road in the exception from the sale.

In addition, the evidence at trial about the size and location of the land in dispute renders meritless the defendants' contention that the boundary was not established with reasonable certainty. *See Cunningham v. Singer*, 111 N.H. 159, 160, 277 A.2d 318, 319 (1971) (property boundary must be described with reasonable certainty to satisfy Statute of Frauds). Once the trial court determined the meaning of the change from 2.5 to 5 acres, the property's "boundaries and size [were] not [in] dispute[ ]."

The defendants next argue that the trial court improperly denied their motion for a rehearing. In the motion, the defendants requested that the court require the plaintiffs to perform the court's order within a specified time and, assuming performance, to reimburse Edward Nash for repairs made to a bridge on the property, the repairs having been made during the pendency of the purchase and sale agreement. In response, the plaintiffs argued that the defendants violated Superior Court Rule 57 by failing to provide the affidavit of facts required by the rule, that they would perform their obligations under the order within a reasonable time, and that the defendants failed to assert the bridge issue at trial. Further, according to the plaintiffs, the bridge repairs benefited land retained by Frank Nash, not the land to be conveyed to them.

On this record, the trial court could, in the proper exercise of its discretion, deny the motion for a rehearing. In light of the testimony by plaintiff Peter Johnson that he was ready to complete the transaction, the trial court did not err in failing to specify a time for such completion. As for the bridge repair issue, the practice in this State permits motions grounded upon facts to be made by statements of counsel, in some instances. *Town of Bedford v. Brooks*, 121 N.H. 262, 265, 428 A.2d 897, 899–900 (1981). Superior Court Rule 57 provides that "[t]he [c]ourt will not hear any motion grounded upon facts, unless they are verified by affidavit, or are apparent from the record or from the papers on file in the case, or are agreed to and stated in writing signed by the parties or their attorneys . . . ." In this case the defendants sought a new hearing to introduce evidence about compensation for the bridge repairs. Such a factual motion required an affidavit when none of the exceptions to that requirement applied. *See Town of Bedford v. Brooks supra*. The trial court properly denied the motion for a rehearing.

*Affirmed.*

All concurred.