Rockingham
No. 90-148

RICHARD AVERILL

v.

DREHER–HOLLOWAY & *a.*

July 24, 1991

*Burns, Bryant, Hinchey, Cox & Schulte P.A.*, of Dover (*Paul R. Cox* and *Milan G.W. Slahor* on the brief, and *Mr. Cox* orally), for the plaintiff.

*Devine, Millimet & Branch P.A.*, of Manchester (*Donald E. Gardner* and *Mark D. Wiseman* on the brief, and *Mr. Gardner* orally), for the defendants.

BROCK, C.J. The defendants, Dreher-Holloway and N.H. Auto Dealers Association (collectively Dreher-Holloway), appeal from an order of the Superior Court (*Perkins*, J.) providing that the plaintiff, Richard Averill, is entitled to workers' compensation benefits for his depression-related disability. On appeal, the defendants argue that the trial court erred in (1) finding that the plaintiff's stress as a result of his employment caused or contributed to his depressive illness, and (2) applying the wrong legal causation standard for emotional injury resulting from workplace stress. For the reasons that follow, we affirm the trial court's ruling.

The plaintiff was employed by the defendant, Dreher-Holloway, a car dealership, for the period from 1972 to 1985. Beginning in 1974, he held the dual positions of service advisor and assistant service manager. His duties included handling customer complaints, supervising other employees, and balancing the needs of the customers against the requirements of the mechanics and the demands of the management. In his position, the plaintiff was required to meet numerous deadlines and was exposed to irate and dissatisfied customers, who verbally and, on one occasion, physically abused him. In addition to his regular duties, the plaintiff was on-call to receive customer complaints at all hours of the day and night.

Prior to his employment with Dreher-Holloway, the plaintiff had a history of personal problems and physical ailments, including two divorces, an automobile accident resulting in chronic back pain, and another accident resulting in ruptured vertebral discs. In 1974, the plaintiff was treated for asthmatic bronchitis and allergies. In 1976, he was diagnosed as having polymyositis, an arthritis condition with symptoms including fatigue, achiness, muscle weakness and depression. Over the next several years, he suffered from hypertension, urinary frequency, temporal throbbing headaches, facial swelling, obesity, high blood cholesterol and sugar counts, nose bleeds, dermatitis, and bilateral breast enlargement as a side effect from the Prednisone treatment for his polymyositis. In 1980, he underwent surgery to correct the problem of breast enlargement. He was then diagnosed as suffering from depression in 1982. Later that year, he was diagnosed as suffering from Peyronie's disease, a disease causing sexual dysfunction. In 1984, he was diagnosed as suffering from sleep apnea, a condition which interferes with normal sleep patterns. He underwent a tracheostomy in order to correct the condition, and the operation left him with an opening in his throat. In 1985, he again underwent surgery in order to close up the opening, but it was determined that the tracheostomy could not be closed due to the severity of his condition. That spring, the plaintiff and his third wife separated and some time thereafter divorced. In October of the same year the plaintiff was hospitalized and diagnosed as suffering from major depressive illness.

The plaintiff first brought his claim for workers' compensation benefits before the New Hampshire Department of Labor. The hearings officer found that the plaintiff's depressive illness was not compensable. The plaintiff then appealed to the superior court for a trial *de novo* pursuant to RSA 281-A:43, I(b) (Supp. 1990). The trial court rendered a judgment for the plaintiff, finding that work-related stress was legally and medically a causal factor in his major depressive illness. The court also found that the plaintiff did not have a prior weakness indicating a pre-disposition to depression. Finally, the court reasoned that even if his previous episode with depression could be considered a prior weakness, the plaintiff had established that work-related stress was greater than that encountered in normal nonemployment life and was a substantial contributing factor to his illness.

First, we consider the defendants' argument that the trial court applied the wrong legal standard. The defendants' argument is three-fold, that: (1) the plaintiff's prior episode with depression con-

stituted a prior weakness; (2) the court misapplied the substantial contributing factor test because it did not compare the plaintiff's work stress to his own nonemployment life; and (3) the court misapplied the substantial contributing factor test in not requiring the plaintiff to prove that work-related stress was the major cause of his depression.

■■ In a workers' compensation action, the "plaintiff must establish both legal and medical causation." *Wheeler v. School Admin. Unit 21*, 130 N.H. 666, 671, 550 A.2d 980, 983 (1988). Where no prior weakness is found, "'*any* exertion connected . . . as a matter of medical fact is adequate to satisfy the legal test of causation . . . .'" *Id.* (quoting *New Hampshire Supply Co. v. Steinberg*, 119 N.H. 223, 231, 400 A.2d 1163, 1168 (1979) (emphasis in original)). "To establish medical causation, plaintiff must show that the work-related 'stress . . . probably caused or contributed' to plaintiff's injury." *Wheeler v. School Admin. Unit 21 supra* (quoting *New Hampshire Supply Co. v. Steinberg, supra* at 231, 400 A.2d at 1168–69).

■ It is axiomatic that the "'findings and rulings of the trial court must be sustained unless they are lacking in evidential support or tainted by error of law.'" *Liberty Mut. Ins. Co. v. Custombilt, Inc.*, 128 N.H. 167, 169, 512 A.2d 1098, 1099 (1986) (quoting *Burnham v. Downing*, 125 N.H. 293, 296, 480 A.2d 128, 130 (1984)). Our task "'is not to decide whether we would have found differently but to determine whether a reasonable person could find as did the trial judge.'" *Liberty Mut. Ins. Co. v. Custombilt, Inc., supra* at 170, 512 A.2d at 1100 (quoting *U.S. Fidelity & Guaranty Co., Inc. v. Johnson Shoes, Inc.*, 123 N.H. 148, 153, 461 A.2d 85, 88 (1983)). With this standard in mind, we "review the rulings of the trial court in light of the evidence presented." *Liberty Mut. Ins. Co. v. Custombilt, Inc., supra* at 169, 512 A.2d at 1099.

■■ The trial court found that the plaintiff's previous episode with depression in 1982, related to polymyositis, did not signify a prior weakness. The court concluded that there was no evidence indicating that a bout of depression related to an illness indicates a predisposition toward depression. In reviewing the record, we find ample support for the trial court's finding. There was evidence reflecting that the 1982 episode of depression was a symptom of polymyositis and a side effect of the hypertension medication that the plaintiff was using. Plaintiff's psychotherapist testified that the plaintiff was not predisposed to depression. Because we find no error

in the trial court's finding that the plaintiff had no prior weakness, we need not address the defendants' arguments regarding the court's conclusion that the plaintiff met the enhanced burden of proof under the substantial contributing factor test. This test is applicable only where there is a finding of a prior weakness. *See New Hampshire Supply Co. v. Steinberg, supra* at 231, 400 A.2d at 1168.

We now turn to the defendants' argument that the trial court's finding of causation or contribution was against the weight of the evidence. The defendants contend that the record is insufficient to support a finding that work-related stress caused the plaintiff's depression. We note, however, that the medical causation standard requires a showing that the work-related stress "probably caused or contributed to the illness." *Id.* at 231, 400 A.2d at 1169.

Expert testimony from both the plaintiff's treating psychiatrist and his psychotherapist revealed that the plaintiff's work-related stress significantly contributed to his major depressive illness. It is important to note that the plaintiff's medical expert distinguished depression from major depressive illness. The expert testified that depression is a common symptom suffered by many people in response to day-to-day stresses. The expert testified further that this type of depression differs from major depressive illness, which is a severe disorder composed of several complex symptoms reflecting an imbalance of brain chemistry. This disorder requires biological as well as psychological treatment. It is within the province of the trial court to weigh the testimony. *See Wheeler v. School Admin. Unit 21*, 130 N.H. at 672, 550 A.2d at 984 (citation omitted). While the defendant's experts provided contradictory testimony, the trial court found the opinions of the plaintiff's experts more credible because they were based on personal knowledge of and contact with the plaintiff for several years. In addition, the plaintiff and his former co-worker both testified as to the stressful nature of the plaintiff's work responsibilities, and the plaintiff described the deleterious effect all of these difficulties had on him. Upon our review of the record, we find that there was sufficient evidence to support the trial court's ruling. *See Liberty Mut. Ins. Co. v. Custombilt, Inc. supra.* Accordingly, we affirm.

*Affirmed.*

All concurred.