Hillsborough-northern judicial district
No. 2005-408

## G2003B, LLC & a.

v.

## TOWN OF WEARE

Argued: May 11, 2006
Opinion Issued: July 20, 2006

*Neal M. Kurk,* of Weare, by brief and orally, for the intervenors.

*William A. Theroux, Jr.*, of Plaistow, by brief and orally, for the plaintiffs.

*Drescher & Dokmo, P.A.*, of Milford (*William R. Drescher* on the brief and orally), for the defendant.

GALWAY, J. The intervenors, who are residents of the Town of Weare, appeal an order of the Superior Court (*Mangones*, J.) granting a motion to enter a consent decree filed by the defendant, the Town of Weare (Town), and the plaintiffs, G2003B, LLC (G2003B), Aspen Acquisitions, LLC (Aspen), and Gerard Beique. We affirm.

The record supports the following facts. Beique is the sole member of G2003B, which owns a parcel of land consisting of over forty-five acres. The land abuts Mt. Dearborn Road in Weare and is the parcel at issue in this appeal. G2003B is the successor in interest to Aspen, of which Beique was a member. In June 2001, Aspen acquired the parcel and submitted an application for subdivision approval to the Weare Planning Board. In December, various citizens of Weare living near the parcel circulated a petition to place an article on the ballot for the next town meeting. The proposed article would amend the Town's zoning ordinance by adding a historic overlay district in the vicinity of Mt. Dearborn Road, which included the parcel at issue. The historic overlay district would restrict development within its bounds. Both the planning board and the Weare Board of Selectmen opposed the article. In January 2002, the planning board approved Aspen's subdivision proposal. In March, the Town held its annual meeting and the citizens passed the article, amending the zoning ordinance.

In June 2003, the plaintiffs filed for declaratory judgment against the Town. The plaintiffs argued, *inter alia*, that the amended ordinance was unconstitutional, both on its face and as applied to the parcel at issue. The plaintiffs sought damages for inverse condemnation, claiming that the amended ordinance rendered the parcel valueless. Subsequent to the plaintiffs' filing, the selectmen sent a letter to certain residents of Weare, particularly those residents who circulated the petition to place the zoning amendment on the March 2002 ballot. The letter stated that, due to both the planning board's and the selectmen's disagreement with and concerns regarding the zoning amendment, the Town did not intend to expend the amount of money from the Town budget necessary for a vigorous defense of the action, but notified the recipients of the letter that they could intervene. Certain recipients of the letter filed a motion to intervene, which the court granted in October 2003. In its order on the motion to intervene, the trial court ruled:

[T]he intervenors do not constitute, or legally represent, the Town of Weare as a party defendant. Thus, while it may be that the intervenors have standing to participate in certain aspects of this matter, such as issues relating to the lawfulness of the ordinance, they might not have such standing as to other aspects.

(Quotations and citation omitted.) The trial court bifurcated the proceedings so as to first address the plaintiffs' argument that the zoning amendment was unconstitutional on its face. In March 2004, the trial court issued a twenty-three-page order that detailed the relevant facts in the case and denied the plaintiffs' motion for declaratory judgment on the issue of facial constitutionality. The court deferred the remaining issue of as-applied constitutionality.

After the court's decision, the plaintiffs and the Town filed a motion to enter a consent decree. In the proposed consent decree, both the plaintiffs and the Town agreed that the amended ordinance was unconstitutional as applied to the property at issue, because the ordinance prevented reasonable use of the land. The agreement thus permitted the plaintiffs to subdivide and develop the property. In exchange, the plaintiffs and the Town also agreed that the plaintiffs would withdraw all other causes of action against the Town and waive recovery of any damages against the Town. The intervenors objected to the proposed consent decree, arguing that facts in the consent decree were either false or unsupported by evidence. In February 2005, the court held a hearing on both the motion to approve the consent decree and the intervenors' objection. In March, the trial court issued an order granting the motion to approve the consent decree.

At oral argument before this court, the intervenors conceded: "We are not, in any way, suggesting that we can step in as a true party and say, 'The consent decree cannot be advanced unless the intervenors approve.'" Thus, the narrow issue before us is whether the trial court erred in approving the consent decree, which the intervenors argue was based upon erroneous facts and conclusions of law and was determined without an adequate hearing. Neither the plaintiffs nor the Town appeal the trial court's grant of limited standing to the intervenors. Accordingly, for the purposes of this case, we assume without deciding that the intervenors have standing to contest the trial court's ruling.

We first address the procedural aspect of the intervenors' appeal. They argue that the trial court should have granted them an evidentiary hearing or the opportunity to present affidavits before ruling on the consent decree. The intervenors, however, received notice of and attended the hearing in February 2005, the purpose of which was to address the

motion to approve the proposed consent decree and their objection to the proposal. Prior to the hearing, the intervenors filed an objection to the motion to approve the consent decree. In the objection, they argued that the facts asserted in the consent decree were erroneous and that its approval would violate public policy. At the hearing, the trial court permitted them to present their case against approval of the consent decree, which included the opportunity to argue. There is nothing in the record to suggest that they could not have presented evidence. They asserted that there were factual errors in the proposed decree, but never presented any evidence to support that position. Further, they never asked to present any evidence, nor did they make an offer of proof as to what their evidence would show. Even if they had requested an evidentiary hearing, the decision as to whether to hold a full evidentiary hearing is within the discretion of the trial court. *Town of Bedford v. Brooks*, 121 N.H. 262, 266 (1981). It is clear from the record that the intervenors had adequate hearing rights afforded to them.

We next address the substantive aspect of the intervenors' appeal, which is their argument that the trial court should not have approved a consent decree without verifying the facts asserted in it. Consent decrees contain elements of both contracts and judicial decrees. *Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *see also Brooks*, 121 N.H. at 266 (stating that consent decrees are contractual in nature). As consent decrees are agreements to settle, they are encouraged by New Hampshire's well-established principle of favoring the settlement of litigation. *Halstead v. Murray*, 130 N.H. 560, 564 (1988); *Waters v. Hedberg*, 126 N.H. 546, 552 (1985). The promotion of settlement is widely accepted in other jurisdictions, as well. *E.g., Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1072 (11th Cir. 2005); *Robert Comstock, LLC v. Keybank National Assoc.*, 130 P.3d 1106, 1109-10 (Idaho 2006). Pursuant to the policies of promoting settlement and treating consent decrees as freely contracted agreements between parties, many appellate courts have adopted an abuse of discretion standard for reviewing a trial court's decision to accept, reject, or modify a consent decree. *Tennessee Assoc. of Health Maintenance Organizations, Inc. v. Grier*, 262 F.3d 559, 564 (6th Cir. 2001); *Durrett v. Housing Authority of the City of Providence*, 896 F.2d 600, 604-05 (1st Cir. 1990); *United States v. Hooker Chemical & Plastics Corp.*, 776 F.2d 410, 411 (2d Cir. 1985); *Long v. State*, 807 A.2d 1, 9 (Md. 2002); *Boillet v. Conyer*, 826 S.W.2d 95, 97 (Mo. App. 1992); *Beaver v. Kingman*, 785 P.2d 998, 1001 (Kan. 1990). Considering this weight of authority and New Hampshire's longstanding policy of promoting settlement, we will apply the unsustainable exercise of discretion standard to our review of the trial

court's approval of the consent decree in the instant case. *See State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining the unsustainable exercise of discretion standard). To show that the trial court unsustainably exercised its discretion, the appellant "must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of [the appellant's] case." *Id.* (quotations omitted).

 The intervenors argue that the trial court was not provided with sufficient material facts and erroneously approved the consent decree. We disagree. During the litigation and as part of the record, the parties provided the trial court with factual information, including the complete certified record from a related case that the intervenors had earlier withdrawn and four separate sets of town records that included documents relating to the adoption of the zoning amendment. The court also took a view of the site, allowed the parties to submit memoranda of law and requests for findings of fact, and heard oral arguments. In the trial court's twenty-three-page order deciding the facial constitutionality of the ordinance, the court made numerous factual findings and interpreted the zoning ordinance at length. Based upon the court's extensive familiarity with the case and the court's understanding of the intervenors' objections, both written and oral, we hold that the trial court's ruling did not constitute an unsustainable exercise of discretion because the record supports a finding that the trial court had sufficient knowledge of the facts and applicable law so as to constitute a reasonable basis for the court's approval of the consent decree.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.